# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 15-1325V
Filed: March 29, 2017
Not for Publication

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
DAVID M. REYBURNE,                  \*
                                    \*
            Petitioner,             \*
                                    \*
v.                                  \*     Attorneys' fees and costs decision;
                                    \*     reasonable attorneys' fees and
                                    \*     costs
SECRETARY OF HEALTH                 \*
AND HUMAN SERVICES,                 \*
                                    \*
            Respondent.             \*
                                    \*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Ramon Rodriguez, III, Richmond, VA, for petitioner.
Lara A. Englund, Washington, DC, for respondent.

**MILLMAN, Special Master**

### DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On November 5, 2015, petitioner filed a petition for compensation under the National Childhood Vaccine Injury Act, 42 U.S.C. §§ 300aa-10–34 (2012).  Petitioner alleged that his receipt of influenza vaccine on November 6, 2012 caused him to develop brachial neuritis.  On September 13, 2016, the undersigned issued a decision awarding $105,000.00 in damages pursuant to the parties' stipulation.

On February 28, 2017, petitioner filed a motion for attorneys' fees and costs, requesting attorneys' fees and costs in the amount of $46,517.55 and personal costs in the amount of $200.00 for a total request of $46,717.55.

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy.  When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure.  If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

On February 28, 2017, respondent filed a response to petitioner's motion explaining that he is satisfied this case meets the statutory requirements for an award of attorneys' fees and costs under 42 U.S.C. § 300aa-15(e)(1)(A)-(B).  Resp. at 2.  Respondent "respectfully recommends that the [undersigned] exercise her discretion and determine a reasonable award for attorneys' fees and costs."  Id. at 3.  Petitioner has waived his reply by not filing it by the deadline of March 10, 2017 and not requesting an extension of time.

Under the Vaccine Act, a special master or a judge on the U.S. Court of Federal Claims shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation.  42 U.S.C. § 300aa-15(e)(1); Sebelius v. Cloer, 133 S. Ct. 1886, 1893 (2013).  The special master has "wide discretion in determining the reasonableness" of attorneys' fees and costs.  Perreira v. Sec'y of HHS, 27 Fed. Cl. 29, 34 (1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994); see also Saxton ex rel. Saxton v. Sec'y of HHS, 3 F.3d 1517, 1519 (Fed. Cir. 1993) ("Vaccine program special masters are also entitled to use their prior experience in reviewing fee applications.").

The Federal Circuit has approved the lodestar approach to determine "reasonable attorneys' fees" and costs under the Act.  Avera v. Sec'y of HHS, 515 F.3d 1343, 1347 (Fed. Cir. 2008).  The lodestar approach involves a two-step process.  First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)).  Secondly, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings.  Avera, 515 F.3d at 1348.  The lodestar approach requires that the reasonable hourly rate be multiplied by the number of hours "reasonably expended on the litigation."  Avera, 515 F.3d at 1347-48 (quotation and citation omitted).  Counsel must submit fee requests that include contemporaneous and specific billing entries, indicating the task performed, the number of hours expended on the task, and who performed the task.  See Savin ex rel. Savin v. Sec'y of HHS, 85 Fed. Cl. 313, 315-18 (Fed. Cl. 2008).  Counsel must not include in their fee request hours that are "excessive, redundant, or otherwise unnecessary."  Saxton v. Sec'y of HHS, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)).  It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id.  Furthermore, the special master may reduce hours sua sponte, apart from objections raised by respondent and without providing petitioner notice and opportunity to respond.  See Sabella v. Sec'y of HHS, 86 Fed. Cl. 201, 208-09 (Fed. Cl. 2009); see also Savin, 85 Fed. Cl. at 315-19 (quoting Duncan v. Sec'y of HHS, No. 99-455V, 2008 WL 4743493, at *1 (Fed. Cl. 2008) (finding that "the Special Master has an independent responsibility to satisfy himself that the fee award is appropriate and not limited to endorsing or rejecting respondent's critique").

Based on her experience and review of the billing records submitted by petitioner, the undersigned finds that the majority of petitioner's attorneys' fees and costs request is reasonable. However, the amount petitioner requests for his counsel's work on the case in 2015 is excessive. The counsel and paralegals working for petitioner spent 116.1 hours working on the case in

2

2015, and billed a total of $28,033.50 in attorneys' fees in that year.  The majority of this time consists of preparing the case for filing by organizing the medical records, reviewing the records, and drafting the petition, as petitioner's counsel had already gathered most of petitioner's medical records in 2013 and 2014.  Petitioner's medical records total 1,445 pages.  His petition is 11 pages long.  The undersigned appreciates that petitioner's petition is relatively detailed and that petitioner references his exhibits throughout the petition.  However, based on her experience, the undersigned finds that 116.1 hours primarily spent reviewing 1,445 pages of medical records and drafting an 11-page petition is excessive.  She would expect these tasks along with usual case management to take approximately 60 hours.  Therefore, the undersigned will reduce petitioner's award of attorneys' fees and costs for his attorney's work on the case in 2015 by 50%.  Accordingly, the undersigned reduces petitioner's award of attorneys' fees and costs by **$14,016.75**.

The undersigned **GRANTS** petitioner's Motion for Attorneys' Fees and Costs.  Accordingly, the court awards:

a. **$32,500.80**, representing reimbursement for attorneys' fees and costs.  The award shall be in the form of a check payable jointly to petitioner and RawlsMcNelis in the amount of **$32,500.80**; and

b. **$200.00**, representing reimbursement for petitioner's costs.  The award shall be in the form of a check payable to petitioner in the amount of **$200.00.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

Dated: March 29, 2017                                                                s/ Laura D. Millman
                                                                                     Laura D. Millman
                                                                                     Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.